Butler *v.* Mace.

---

FRANCIS G. BUTLER *versus* BENJAMIN B. MACE.

A claim for the specific performance of a contract for the purchase of real estate is not within the jurisdiction of referees, acting under the provisions of R. S., c. 108, although formally submitted by both parties.

AWARD OF REFEREES.

The plaintiff claimed that the defendant should "pay for and take and purchase of him" certain lands at a price named, and fulfil the stipulations of a bond given to him by Mace, dated April 27, 1852.

This claim was submitted, under the statute, to referees, who awarded "that the said Francis G. Butler, having executed a deed of conveyance of certain land to the said Benjamin B. Mace, which the said Mace had previously, by his

memorandum in writing, by him signed and sealed, bound and obligated himself to purchase, do receive of the said Benjamin B. Mace, the sum of $92,26. cents, debt or damage," with costs, &c.

This award was presented in Court, and the plaintiff moved its acceptance. The defendant objected for several reasons, one of which was the referees exceeded their powers in requiring him to purchase real estate, or to pay for real estate he had not purchased.

The Court, HATHAWAY, J., presiding, rejected the award, and the plaintiff excepted.

*Samuel Belcher*, for the plaintiff.

The submission and award being in proper form, the presumption is that the referees have done their duty, and their report should be accepted. 35 Maine, 135. They have the same authority as if appointed under a rule of Court. Stat., 1857, c. 108. In the absence of proof, the Court will not assume that they have exceeded their powers.

The claim of the plaintiff that the defendant should pay him for certain lands, according to a bond given by the defendant, might well be the subject of a personal action. In the absence of proof of the contents of the bond, the Court will not assume that a personal action could not be maintained on it. *Buck* v. *Spofford*, 35 Maine, 526. The plaintiff offered a deed, and demanded his pay. He performed every thing required on his part, and asked the defendant to fulfil his part.

The Court will not adjudicate on matters submitted by the parties to another tribunal. The referees have decided only what was submitted to them. Mace waived any objections by consenting to the reference and appearing before the referees. 10 Pick., 275.

*Hannibal Belcher*, for the defendant.

The plaintiff's claim is, in substance, that the defendant shall perform specifically the stipulations of a bond previously given by him, binding himself to purchase certain lands of the

plaintiff. As the title to the lands comes in question, the plaintiff's claim cannot properly be the subject of a personal action. His only remedy is before a court of equity. R. S., c. 77, § 8.

The jurisdiction of referees is limited by the statutes; and, as this claim was one not coming within the statute provisions, the whole proceedings were erroneous. *Henderson* v. *Adams*, 5 Cush., 610.

The referees recite, in their award, that the plaintiff has executed a conveyance of certain lands. By so doing, they decide upon the title to the lands conveyed, which they had no right to do. *Fowler* v. *Bigelow*, 8 Mass., 1; *McNear* v. *Bailey*, 18 Maine, 251.

The opinion of the Court was drawn up by

RICE, J.—The demand submitted to the referees was a claim for the specific performance of a contract for the purchase of real estate. R. S., c. 108, provides for the submission of that class of controversies, which may be the subject of a personal action, and on which a judgment may be entered up on the award of the referees by the Court sitting as a Court of law. R. S., c. 108, § 6. Had the claim in this case been for damages arising from the non-fulfilment of that contract, the case might have been different.

The specific performance of a contract can only be enforced in this Court, sitting as a Court of Equity, under provisions of c. 77, § 8, clause 3d. The proceedings in this case are not under that provision of the statute, and were not within the jurisdiction of the referees acting under the provisions of c. 108. *Exceptions overruled.*

TENNEY, C. J., and APPLETON, GOODENOW, DAVIS, and KENT, JJ., concurred.